FILED
SUPERIOR COURT
OF GUAM

2024 JUL 23 PM 4: 50

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MSU GUAM LLC and DAVID SU,<br><br>Plaintiffs,<br><br>vs.<br><br>WANG-CHIEH "RONALD" SU and MANHATTAN FINANCIAL LLC,<br><br>Defendants. | CIVIL CASE NO. CV0077-24<br><br><br>**AMENDED DECISION AND ORDER**<br>Re: Defendant's Motion to Dismiss |

This matter came before the Honorable Arthur R. Barcinas on April 23, 2024 for a motion hearing on Defendant Wang-Chieh "Ronald" Su's ("Defendant") Motion to Dismiss ("Motion"). Defendant was represented by Attorney Jacques G. Bronze, and Plaintiffs MSU Guam LLC and David Su (collectively, "Plaintiffs") were represented by Attorney Charles McDonald. Upon consideration of the pleadings, the arguments, and the applicable law, the Court **DENIES** Defendant's Motion

## BACKGROUND

In 2011, Plaintiff MSU executed a promissory note in favor of Community First Guam ("CFG"). At that time, Plaintiff David was a member of MSU. The note was secured by a mortgage on MSU's leasehold interest in Lot No. 5097-3-3, Tamuning, Guam. This mortgage was recorded at the Department of Land Management ("DLM") on July 26, 2011.

In 2011, the note matured, leaving a payoff amount of approximately $430,000. On September 21, 2017, Defendant Manhattan Financial, LLC ("MF") purchased the matured note and mortgage from CFG. At the time of purchase, Defendant was the manager of MF.

Subsequently, MF initiated non-judicial proceedings against MSU. MF issued a Notice of Default and Election to Sell under Mortgage, which was recorded at the DLM on November 5, 2018. On December 27, 2018, MF continued with non-judicial foreclosure proceedings and issued a Notice of Sale under Mortgage, which was recorded at the DLM on December 31, 2018.

Plaintiff David alleges several key points:

1. Plaintiffs did not receive copies of the recorded Notice of Default or Notice of Sale.

2. MF failed to inform Plaintiff David about the assignment of the note and mortgage from CFG.

3. The Notices allegedly went missing due to interception and withholding by Defendant.

In February 2019, Attorney Cesar Cabot paid the entire MSU note balance to Attorney Michael J. Berman, who represented both MF and CFG. As a result, CFG and MF executed releases of the mortgage in favor of MSU.

Plaintiff David contends that Defendant's actions – intercepting notices and failing to disclose the assignment – forced Plaintiffs to sell the Property at a discounted price, resulting in damages. These alleged acts form the basis for Plaintiffs' sole cause of action for fraud.

In the instant Motion, Defendant argues lack of standing, insufficient pleading of fraud elements, and time-barred claims. Plaintiffs counter in their Opposition, asserting injury caused by Defendant's allegedly fraudulent conduct and requesting leave to amend if the Complaint is

dismissed. Defendant's Reply reiterates their original arguments, but additionally opposes Defendant's leave to amend due to alleged futility.

As of April 23, 2024, the Court has taken the matter under advisement.

## DISCUSSION

### I. Legal Standard

Guam law allows that certain defenses to a claim for relief may be made by motion, including: "(1) lack of jurisdiction over the subject matter, ... [and] (6) failure to state a claim upon which relief can be granted." GRCP 12(b).

#### a: GRCP 12(b)(1) - Subject Matter Jurisdiction

The lack of subject matter jurisdiction alleged by Defendant is predicated on a lack of standing. "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *United Pac. Islanders' Corp. v. Cyfred, Ltd.*, 2017 Guam 6 ¶ 15. "Although we are not bound by the standing requirements applicable to federal courts of limited jurisdiction under Article III of the United States Constitution, we have repeatedly found that the traditional standing requirements expressed in Article III nevertheless apply to claims asserted in Guam's courts." *In re A.B. Won Pat Int'l Airport Auth., Guam*, 2019 Guam 6 ¶ 16 (internal quotations omitted). This constitutional standing is a threshold jurisdictional matter. *Id.* "To establish constitutional standing, a party must show: (1) it has suffered an injury in fact; (2) that the injury can be fairly traced to the challenged action taken by the defendant; and (3) that it is likely and beyond mere speculation that a favorable decision will remedy the injury sustained." *Id.* ¶ 17.

#### b. GRCP 12(b)(6) - Failure to State a Claim for Which Relief May Be Granted

In ruling on a motion to dismiss under GRCP 12(b)(6), the Court must accept all the well-pleaded facts as true, construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor, and resolve all doubts in the non-moving party's favor. *Cruz v. Cruz*, 2023 Guam 20 ¶ 10. Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

## II.    Plaintiff David does not have standing.

Defendant argues that Plaintiff David lacks standing because the injury alleged by David was to MSU, not to David individually. Defendant states that David alleged that MSU took out the loan with CFG, and that MSU was thus the maker and mortgagor of the ensuing mortgage. Mot., at 6 (citing Compl., ¶¶ 10-12, 16). Defendant also states that David alleged that Defendants withheld "all MSU's mail at the Royal Orchid Hotel" so that Plaintiffs would not have notice that MSU's note and mortgage were in default. *Id.* at 7 (citing Compl., ¶ 18, 20-25, 41-45). Defendant states that, according to David, the withholding of the mail resulted in injury because "they were forced to sell the Lot at a discounted price. *Id.* (citing Compl., ¶ 50). Defendant argues that, because MSU was the sole mortgagor and was forced to sell the property, only MSU, and not David, was injured by the alleged fraud. *Id.* Defendant further argues that, even though David is the founder and sole owner of MSU, MSU is a Guam limited liability company ("LLC"), and thus the Guam Limited Liability Company Act ("LLCA") prevents David from being a proper party to any proceedings involving MSU. *Id.* (citing 18 GCA §§ 15101 et seq.). Thus, according to Defendant, David allegedly does not have standing, and because MSU has not appeared through counsel, there is no plaintiff who properly brought this action and can maintain it, so the action must be dismissed. *Id.*

In the Opposition, David concedes that a shareholder generally cannot bring an individual lawsuit against a third party for fraud on the corporation, but argues that a direct action can be brought either when there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder, or when the shareholder suffers injury separate and distinct from that suffered by other shareholders. Opp., at 3 (citing *Sax v. World Wide Press, Inc.*, 809 F.2d 610, 614 (9th Cir. 1987). David argues that Plaintiffs' conduct caused injury to David personally because David's membership interest in MSU lost significant value after MSU was forced to sell its main asset, and David suffered injury specific to him because his financial sustainability and his ability to obtain credit was diminished following the foreclosure and Defendants' fraudulent conduct.

In the Reply, Defendant argues that David does not have standing because the injury alleged by Plaintiffs was to MSU, as the mortgagee, not to David individually. Defendant argues that the *Sax* case cited by Plaintiffs recognizes that a decrease in a company's stock value does not create a direct cause of action for shareholders, because all their ownership interests are similarly devalued. Finally, Defendant asserts that the Complaint only alleges injury to both Plaintiffs, not David individually, and the only specific injury alleged is the selling of the Property at a discounted price, which was an injury to MSU as the mortgagor. According to Defendant, both Plaintiffs claim the same injury, namely, damages resulting from allegedly having to sell the Property at a discounted price, which means that David has not suffered an injury separate and distinct from MSU.

The LLCA dictates that a member's membership in an LLC grants that member no specific interest in LLC property, and that a member of an LLC is not a proper party to proceedings by or against that LLC. 18 GCA §§ 15117(A), 15134. Further, any decrease in the

value of a corporation "would not give rise to a direct cause of action" for any individual shareholder. *Lewis v. Chiles*, 719 F.2d 1044, 1049 (9th Cir. 1983).

The Court finds that David cannot be a proper party to any proceeding by or against MSU. David's counsel argued at the hearing that David was the guarantor on the promissory note, and that David's creditworthiness was allegedly damaged by MSU defaulting on the mortgage. However, the Court is not sufficiently convinced. As Defendant states, while Plaintiffs assert that "David suffered injury specific to him because his financial suitability and his ability to obtain credit was diminished following the foreclosure," Plaintiffs cite paragraph 48 of the Complaint to substantiate that assertion. But that portion of the Complaint only states that "[b]ut for the imminent foreclosure sale and its potential impact to Plaintiffs['] financial suitability, Plaintiffs would not have sold the [Property] at such a discounted price." Compl., ¶ 48. There is no mention of any impact on David's credit, and given that David and MSU are distinct legal entities, the Court fails to find how a foreclosure against MSU would affect David's personal credit. Therefore, the Court finds that David has no standing, as there has been no injury in fact to him in his personal capacity. Furthermore, the Court finds that, if the Court were to theoretically find that MSU has been injured such that it should be made whole, then David, as the sole owner of MSU, would still benefit thereby as if he were a party to this proceeding.

Accordingly, the Court will **GRANT IN PART** Defendant's Motion to Dismiss in regards to Plaintiff David, but will allow MSU to carry on as primary Plaintiff.

**III. The Court finds that Plaintiffs have sufficiently pleaded fraud with particularity.**

Defendant argues that the Complaint fails to state a claim because Plaintiffs have not pleaded with particularity all the elements of the claim. Mot., at 8. Defendant asserts that, per GRCP 9(b), "[i]n all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity." Defendant argues that Plaintiffs do not meet the elements for "a cause of action for fraud by concealment," and then cites to California case *Doe v. Superior Court* for the elements of fraud by concealment, namely:

(1) Concealment of a material fact by the defendant;

(2) The defendant had a duty to disclose that fact to the plaintiff;

(3) The defendant concealed the fact with an intent to induce reliance by the plaintiff;

(4) The plaintiff was unaware of the fact and would not have acted as he or she did with knowledge of the concealed fact; and

(5) The plaintiff suffered injury.

Mot., at 9 (citing *Doe*, 187 Cal. Rptr.3d 791, 794 (Ct. App. 2015)).

Plaintiffs counter with the elements of fraud, which under Guam law are:

(1) A misrepresentation;

(2) Knowledge of falsity (or scienter);

(3) Intent to defraud to induce reliance;

(4) Justifiable reliance; and

(5) Resulting damages.

*Ukau v. Wang*, 2015 Guam 26 ¶ 36.

Guam R. Civ. P. 9(b) provides, in relevant part, that "the circumstances constituting fraud or mistake shall be stated with *particularity*" and that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred *generally*." *Ukau*, at ¶ 35 (quoting Guam

R. Civ. P. 9(b)) (emphasis in original). This standard is also known as the "who, what, when, where, and how" requirement. *Id.* (citations omitted). This heightened standard does not require a plaintiff to prove a claim of fraud at the pleading stage. *Id.* at ¶ 47 (citing *Taitano*, 2008 Guam 12 ¶ 16). Rather, a plaintiff must set forth facts with "sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Id.* (citing *Taitano*, 2008 Guam 12 ¶ 16). "While statements of time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Taitano*, 2008 Guam 12 ¶ 15. Similarly, allegations based entirely on information and beliefs do not usually satisfy the particularity requirement of Rule 9 (b). *Id.*

Defendant moves to dismiss Plaintiffs' Verified Complaint pursuant to Guam R. Civ. P. 12(b)(6) alleging that Plaintiffs failed to plead with particularity the elements for fraud as required by Guam R. Civ. P. 9(b). Because Plaintiffs' only cause of action is for fraud, the heightened pleading standard set forth in Guam R. Civ. P. 9 applies. Id. at ¶ 35. The Court is bound to follow the Guam Supreme Court's fraud standards in *Wang*, and will conduct its analysis under those standards. *Wang*, 2015 Guam 26 ¶ 36. Viewing the Motion in the light most favorable to Plaintiffs as the non-moving party the Court finds that Plaintiffs plead the elements for fraud with sufficient particularity.

**Misrepresentation.**

In this case, Plaintiffs alleged that Defendants purchased the note to the mortgage held by Plaintiff MSU and concealed their ownership. See Verified Compl. ¶¶ 20, 22, 31, 37. Accepting the factual allegations in the Verified Complaint as true, the events giving rise to this cause of action took place from September 17, 2018, through August 6, 2021.

Plaintiffs alleged in paragraph 20 that a "Notice of Default and Election to Sell Under Mortgage by Power of Sale ("Notice of Default") was issued . . . on behalf of Community First, and not Manhattan . . ."; and in paragraph 22 that a "Notice of Sale Under Mortgage ("Notice of Sale") was issued . . . on behalf of Community First". Furthermore, Plaintiffs alleged in paragraph 31 that a Release of Mortgage was executed "on behalf of Community First, and not Manhattan". Additionally, in paragraphs 21 and 23 Plaintiffs allege that they did not receive the Notice of Default and Notice of Sale. Finally, Plaintiffs allege in paragraph 37 that the misrepresentation was confirmed when the "corrected Release of Mortgage revealed that the actual owner of the mortgage was Manhattan, and not Community First."

At the pleading stage, the allegations sufficiently plead the misrepresentation element of fraud with particularity.

**Knowledge of Falsity and Intent to Induce Reliance**

Plaintiffs sufficiently plead Defendants' knowledge of falsity and intent to defraud to induce reliance. Intent and knowledge of falsity need only be averred generally. See Ukau, 2016 Guam 26 ¶ 35. In this case, the nature of the alleged misrepresentation took the form of concealing that Defendant MSU owned the note to the mortgage in the Notice of Default, Notice of Sale and Release of Mortgage. See Verified Compl. ¶¶ 18–19, 24–25, 46. In paragraphs 18 and 19, Plaintiffs alleged that Defendant Manhattan did not inform "Plaintiff of the assignment to Manhattan of the MSU note and mortgage," and Plaintiffs did "did not receive communications from Manhattan or Community First regarding the note and mortgage." Paragraph 24 indicates that "[n]either the Notice of Default nor Notice of Sale made any reference to Manhattan. Ronald, through Berman, kept hidden the fact that Manhattan assumed the Community First note and mortgage and that Manhattan was the new mortgagee." Plaintiffs

further allege in paragraph 25 that they did not receive these Notices because Defendant Su withheld these from Plaintiffs. Finally, as alleged in paragraph 46, Plaintiffs allege that "Ronald, Manhattan's manager, knew that the information contained in the Notice of Default and Notice of Sale were false, and despite this knowledge, Ronald continued to pursue the foreclosure to cause Plaintiffs to lose the Lot."

Taking these factual allegations together, Plaintiffs allege that Defendants did not inform Plaintiff of the change in ownership of the note and prevented Plaintiffs from learning of ownership by withholding MSU's mail. At this stage of the pleadings, Plaintiffs are not expected to plead Defendants' state of mind with specificity. See Taitano, 2008 Guam 12 ¶ 17. As such, the Court is satisfied that these allegations sufficiently plead the elements of knowledge of falsity and intent to defraud to induce reliance with particularity.

**Justifiable Reliance and Resulting Damages**

Plaintiffs sufficiently plead justifiable reliance and resulting damages. See Verified Compl. ¶¶ 26, 28, 47–49. As to justifiable reliance, Plaintiffs alleged in paragraph 28 that "[u]pon discovering the Notice of Sale, it was too late for Plaintiff to secure financing to save the property and Plaintiff was forced to sell the property at a discounted price to stop the foreclosure." Plaintiffs alleged that in paragraph 26 that they "would not have allowed a foreclosure of their property as the value of the property with twenty seven (27) apartment units far exceeded the loan payoff amount." In paragraph 47 Plaintiffs allege that based on the Notice of Default and Notice of Sale, Plaintiffs were forced to sell the Lot at a discounted price in order to avoid the foreclosure."

As to damages, in paragraph 48, Plaintiffs allege, "[b]ut for the imminent foreclosure sale and its potential impact to Plaintiffs financial suitability, Plaintiffs would not have sold the

Lot at such a discounted price." At this stage of the pleadings, Plaintiffs have sufficiently plead justifiable reliance and resulting damages.

Viewing the pleading in light most favorable to Plaintiffs as the non-moving parties, the Court is satisfied that Plaintiffs sufficiently pled allegations of fraud with particularity in the Verified Complaint, satisfying the heightened pleading standard of Guam R. Civ. P. 9(b).

**IV.    The Court is compelled to convert the 12(b)(6) motion to dismiss to a motion for summary judgment under GRCP 56, which the Court also denies.**

Defendant expressly argues that the Complaint does not establish damages for the alleged fraud because Plaintiff David alleged that Attorney Cesar Cabot, the attorney for MSU at the time, paid the entire MSU note balance to Attorney Daniel Berman on February 2, 2019. *Id.* (citing Compl., ¶ 22 & Ex. B). Respondents further alleged that, two days later, Berman executed a release of the mortgage, which was recorded on February 5, 2019, at the DLM. *Id.* (citing Compl., ¶ 31 & Ex. C). Guam is a lien theory jurisdiction, meaning that MSU retained title of the property even while under mortgage. Thus, upon release of the mortgage, MSU effectively owned the Property, without any encumbrances. Defendant states that, on the same day that Attorney Berman recorded the release, MSU executed a Grant Deed of the Property from itself to Attorney Cabot, which was also recorded at the DLM as Instrument No. 931192. Mot., at 14 (citing Bronze Decl., Ex. F). The Deed stated in part "that [MSU] is seized in leasehold of the granted premises; that the title is marketable *and that the premises are free from all liens and encumbrances … ." Id.* (emphasis original). Defendant argues that this implies that MSU knew or should have known during the transfer that the property was no longer encumbered by the mortgage, and thus that there were not necessarily any damages to speak of. As Defendant states, "MSU paid off its matured note which was a binding legal

obligation of the company and there exists no basis for any claim for damages based on the alleged facts of David's complaint." *Id.* "At that point, the Plaintiffs could have marketed and sold the [Property] for any price they desired." Reply, at 7. Plaintiffs do not seem to rebut any part of this argument in their Opposition.

While the Court agrees that Plaintiffs have correctly plead all of the elements of fraud under Guam law with particularity, based upon the record in the Complaint, the Court has concerns due to Plaintiffs' failure to address Defendant's above argument. Ordinarily, the Court could find it plausible that the clause stating that the Property was free from liens and encumbrances was boilerplate language, and that perhaps Plaintiffs were unaware of what they were saying in the Deed. However, the matter goes completely unaddressed by Plaintiffs in the Opposition, and the Court must address that gap because a failure to address an argument in an responsive brief is typically treated as a concession of that particular argument. "[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case." *Stephenson v. Cox*, 223 F.Supp.2d 119, 121 (D.D.C. 2002).

In the Opposition, Plaintiffs only briefly address damages in a general capacity, saying "[b]asically, Plaintiffs were damaged because they lost a valuable asset of the LLC and their financial suitability or creditworthiness was diminished." Opp., at 5. However, they do not address the above exchange or the release of the mortgage at all. This omission is especially glaring here because the unaddressed argument is not a minor clause in Defendant's Motion, but a fairly substantial portion, and one that touches upon a key element of fraud, regardless of which party's theory the Court uses for its analysis. There is simply no rebuttal from Plaintiff to any of the above facts alleged by Defendants.

Because of the breadth of this oversight, the Court could find Plaintiffs to have conceded that they suffered no damages, at which point they would lack a basis for their fraud claim under any theory. However, because the Court has been compelled to review the additional exhibits submitted by Defendant in support of this Motion, the Court can no longer treat Defendant's Motion as a motion to dismiss under 12(b)(6), and must instead treat it as a motion for summary judgment under GRCP 56. "If, on a [12(b)(6) motion], matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *Core Tech*, 2010 Guam 13 ¶ 29. In ruling on a 12(b)(6) motion, "a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." *Id.* Because the Court has had to refer to Defendant's exhibits, which are outside the allowable materials for a 12(b)(6) consideration, it must now consider Defendant's 12(b)(6) arguments under GRCP 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P. 56(a).

While the Court could find that Defendant is entitled to judgment as a matter of law due to Plaintiffs' failure to address their damages argument, the Court acknowledges that, Plaintiffs' lack of response notwithstanding, the fact that Defendant is disputing whether Plaintiff is entitled to damages creates a genuine dispute of material fact, and thus the Court will also **DENY** the Motion for Summary Judgment.

## V.      Plaintiffs' fraud claim is timely.

Finally, Defendant argues that Plaintiffs' fraud claim is time-barred because the statute of limitations for a fraud action is three years, Plaintiffs filed this action on February 8, 2024,

and Plaintiffs allegedly would have had constructive notice of who the actual owner of the note and mortgage were when the Assignment of Mortgages was recorded at the DLM on September 22, 2017. Mot., at 15-16 (citing 7 GCA § 11305(d). Plaintiffs argue that the Court should reject Defendant's argument that the claim began to accrue in 2017, and that Plaintiffs did not discover that MF had purchased the note and mortgage from CFG until February 16, 2021.

Under Guam law, the statute of limitations for a fraud action is three (3) years. 7 GCA § 11305(d). A fraud cause of action is not deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake. *Id.* The Supreme Court has held that, when a fraud case involves recordation, the trial court should not conflate "the constructive notice given to subsequent purchasers under Guam's recording statute with the inquiry notice that starts the statute of limitations in a fraud case." *Cruz v. Cruz,* 2023 Guam 20 ¶ 21. "[A] fraud plaintiff does not have the 'duty of inquiry' that a purchaser of real property does." *Id.* ¶ 33. The Supreme Court has further held that "[p]ublic records cannot be used to defend fraud," and that "[w]here fraud is involved, public records are not constructive notice of the true facts to the defrauded party." Accordingly, the Court finds that the facts support Plaintiffs' argument and the claims are not time-barred.

/ / /

/ /

/

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS IN PART** Defendant's Motion to Dismiss in regards to Plaintiff David. Having been compelled to convert Defendant's 12(b)(6) Motion to Dismiss to a Motion for Summary Judgment, the Court **DENIES** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED** _____JUL 2 3 2024_____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**